UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

LENORE F. MILLER, STUART APPELBAUM, )
JOHN WHITAKER, JACK WURM, JR., DONALD R. )
HOPKINS, MARSUE LANCASTER, and LELAND )
SLAY as Trustees and Fiduciaries of the RETAIL, )
WHOLESALE AND DEPARTMENT STORE )
INTERNATIONAL UNION AND INDUSTRY )
PENSION FUND, )
                                              ) CAUSE NO: 1:13CV282 JED
                Plaintiffs, )
                                     )
v.                                    )
                                     )
JANLAB, INC., )
                                     )
                Defendant. )

## COMPLAINT

Lenore F. Miller, Stuart Appelbaum, John Whitaker, Jack Wurm, Jr., Donald R. Hopkins, Marsue Lancaster, and Leland Slay, as Trustees and Fiduciaries ("Trustees") of the Retail, Wholesale and Department Store International Union and Industry Pension Fund (the "Fund"), by their attorneys Macey, Swanson and Allman, respectfully allege as follows:

### JURISDICTION

1. This is an action to recover withdrawal liability pursuant to the Employee Retirement Income Security Act of 1974, as amended by the Multiemployer Pension Plan Amendments Act of 1980, 29 U.S.C. §§ 1001-1461 ("ERISA"). Subject matter jurisdiction is invoked pursuant to ERISA §§ 502(e) and 502(f), 29 U.S.C. §§ 1132(e) and 1132(f), and ERISA § 4301(c), 29 U.S.C. § 1451(c). Moreover, this court has personal jurisdiction over Defendant pursuant to Defendant's maintaining its principal place of business in this district.

## VENUE

2. This court is one of proper venue pursuant to ERISA §§ 502(e)(2) and 4301(d), 29 U.S.C. §§ 1132(e)(2) and 1451(d), since Defendant has at all times relevant to this action maintained its principal place of business in this district.

## PARTIES

3. Plaintiffs are the Trustees and Fiduciaries, and the plan sponsor, of the Fund, which is a joint labor-management trust fund and multiemployer employee benefit plan, with its office located in Birmingham, Alabama. The Fund is a multiemployer plan within the meaning of ERISA §§ 3(37) and 4001(a)(3), 29 U.S.C. §§ 1002(37) and 1301(a)(3), and was created and is maintained for the purpose of collecting and receiving contributions and providing pension benefits to eligible participants in accordance with an Agreement and Declaration of Trust (the "Trust Agreement") and numerous collective bargaining agreements between the Retail, Wholesale and Department Store International Union (the "RWDSU") or its local affiliated unions, which are labor organizations representing employees engaged in commerce, and numerous employers engaged in activities affecting commerce.

4. Defendant JanLab, Inc. ("JanLab") has maintained a place of business at all times relevant to this action at 3407 North Anthony Boulevard, Fort Wayne, Indiana 46895.

115235

## WITHDRAWAL LIABILITY OF JANLAB

5. Plaintiffs repeat and reallege the allegations contained in paragraphs 1 through 4.

6. At all relevant times, JanLab has been party to a series of collective bargaining agreements with Local 835, a labor organization affiliated with the RWDSU (the "CBAs").

7. Pursuant to the CBAs, JanLab assumed all of the obligations imposed by the Trust Agreement, and amendments thereto.

8. Pursuant to the CBA and Trust Agreement, JanLab, *inter alia*, agreed to and in fact did submit monthly reports and make benefit fund contributions to the Fund on behalf of its employees covered by the collective bargaining agreements.

9. According to the Fund's records, as of March 31, 2012, Defendant permanently ceased all contributions to the Fund. Pursuant to ERISA § 4203(a), 29 U.S.C. § 1383(a), such permanent cessation of all contributions to the Fund constitutes "complete withdrawal" from the Fund.

10. Pursuant to ERISA § 4201, 29 U.S.C. § 1381, Defendant is obligated to pay withdrawal liability to the Fund for its proportionate share of the Fund's unfunded vested

benefits. In accordance with ERISA § 4211, 29 U.S.C. § 1391, and the applicable provisions of the Trust Agreement, the Fund calculated Defendant's withdrawal liability to be $70,721.00.

11. By letter dated December 7, 2012, in accordance with ERISA § 4219(b)(1), 29 U.S.C. § 1399(b)(1), and Article VIII, Section 5(a)(I) of the Trust Agreement, the Fund sent Defendant a written demand for payment of withdrawal liability, including the payment schedule, in which Defendant was obligated to pay fifty-four (54) quarterly installment payments of $1,969.00 commencing on February 7, 2012, and one final payment of $961.00. The demand also referred Defendant to ERISA § 4219, 29 U.S.C. § 1399, for a description of the rights Defendant might have in connection with the Fund's assessment of withdrawal liability, including the statutory provisions that contain the time limits for challenging the assessment and seeking arbitration of any disputes concerning the assessment.

12. Defendant did not contest the Trustees' finding that it had withdrawn from the Fund, and did not challenge the Fund's withdrawal liability assessment.

## FIRST CAUSE OF ACTION FOR WITHDRAWAL LIABILITY

13. The Fund has not received any of the scheduled withdrawal liability payments from Defendant.

14. By letter dated February 19, 2013, the Fund notified Defendant that it had failed to make its initial quarterly withdrawal liability payment due on February 7, 2012 and informed the company that it had sixty (60) days to cure the default.

15. Defendant did not cure its failure to make quarterly withdrawal liability payments. Thus, by failing to make its quarterly withdrawal liability payment within sixty (60) days of receiving notice of such failure, Defendant defaulted on its withdrawal liability obligations to the Fund under the provisions of ERISA § 4219(c)(5)(A), 29 U.S.C. § 1399(c)(5)(A), and the Trust Agreement. The entire outstanding balance of its withdrawal liability, plus interest running from the date the first payment was due, is therefore due and owing pursuant to ERISA § 4219(c)(5), 29 U.S.C. § 1399(c)(5) and ERISA § 515, 29 U.S.C. § 1145.

16. Pursuant to ERISA §§ 502(g)(2)(B), 4219(c)(5) and 4301(b), 29 U.S.C. §§ 1132(g)(2)(B), 1399(c)(5) and 1451(b), and 29 C.F.R. § 4219.32, the Fund is entitled to receive interest at the rate of 1 1/2 percent per month on delinquent withdrawal liability from February 7, 2012, to the date judgment is entered. See Article XII, Section 15 of the RWDSU and Industry Pension Plan, as Amended and Restated, effective January 1, 2008 ("RWDSU and Industry Pension Plan").

17. In accordance with Article XII, Section 15 of the RWDSU and Industry Pension Plan and ERISA §§ 502(g)(2)(C)-(D) and 4301(b), 29 U.S.C. §§ 1132(g)(2)(C)-(D) and 1451(b), Defendant is obligated to pay the greater of liquidated damages of twenty percent (20%) of the unpaid amount due and owing, or interest at the rate of 1 1/2 percent per month from the date the payment was due until the date that it is actually paid, plus costs and attorneys' fees.

115235

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs respectfully request judgment as follows:

1.      On the First Cause of Action, an Order:

        A.      Finding Defendant liable to the Fund for withdrawal liability in the amount of $70,721.00, pursuant to ERISA §§ 4219(c)(5) and 4301(b), 29 U.S.C. § 1399(c)(5) and 1451(b), and ERISA § 515, 29 U.S.C. § 1145; and

        B.      Finding Defendant liable, in accordance with ERISA §§ 502(g)(2)(B), 4219(c)(5) and 4301(b), 29 U.S.C. §§ 1132(g)(2)(B), 1399(c)(5) and 1451(b), and 29 C.F.R. § 4219.32, and the provisions of the RWDSU and Industry Pension Plan, to the Fund for interest at the rate of 1 1/2 percent per month on its unpaid withdrawal liability from February 7, 2012, until the date on which judgment is entered; and

        C.      Finding Defendant, in accordance with ERISA §§ 502(g)(2)(C) and 4301(b), 29 U.S.C. §§ 1132(g)(2)(C) and 1451(b), and the RWDSU and Industry Pension Plan, liable to the Fund for the greater of liquidated damages in the amount of twenty percent (20%) of its outstanding withdrawal liability, or additional interest in an amount equal to the interest described above;

        D.      Finding Defendant liable to the Fund for reasonable attorneys' fees and costs, in accordance with ERISA §§ 502(g)(1), 502(g)(2)(D) and 4301(b), 29 U.S.C. §§ 1132(g)(1), 1132(g)(2)(D) and 1451(b), in an amount to be determined by the Court upon subsequent application by the Plaintiffs; and

115235

E.  Such other and further equitable relief as this Court deems appropriate.

Dated: September 24, 2013

_____
Barry A. Macey, Atty No. 8964-49
Jeffrey A. Macey, Atty No. 28378-49
MACEY SWANSON AND ALLMAN
445 North Pennsylvania Street, Suite 401
Indianapolis, IN 46204-1800
Telephone: (317) 637-2345
Facsimile: (317) 637-2369
E-Mail: bmacey@maceylaw.com
         jmacey@maceylaw.com

Attorneys for Plaintiffs

115235