UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| LENORE F. MILLER, as Trustee and Fiduciary of the Retail, Wholesale and Department Store International Union and Industry Pension Fund, et al., | ) ) ) ) ) |
| Plaintiffs, | ) ) |
| v. | ) CAUSE NO. 1:13-CV-282 ) |
| JANLAB, INC., | ) ) |
| Defendant. | ) |

## OPINION AND ORDER

Plaintiff Retail, Wholesale and Department Store International Union and Industry Pension Fund (the "Fund"), together with its Trustees and Fiduciaries, filed this action against Defendant JanLab, Inc., on September 25, 2013, to recover withdrawal liability pursuant to the Employee Retirement Income Security Act of 1974 (ERISA). (Docket # 1.) Now before the Court is a fully-briefed Motion to Intervene filed under Federal Rule of Civil Procedure 24(a)(2) and (b) by Longe Enterprises Corporation, who purchased JanLab's assets in September 2012. (Docket # 13, 16, 19.)

For the following reasons, Longe's motion will be DENIED.

### *A. Factual and Procedural Background*

The Fund was created and is maintained for the purpose of collecting and receiving contributions and providing pension benefits to eligible participants in accordance with an Agreement and Declaration of Trust (the "Trust Agreement") and various collective bargaining agreements ("CBAs") between the Retail, Wholesale and Department Store International Union

("RWDSIU") or its local affiliated unions, and employers engaged in activities affecting commerce. (Compl. ¶ 3.) At all relevant times to this dispute, JanLab was a party to a series of CBAs with a local union affiliated with RWDSIU, and accordingly, assumed the obligations imposed by the Trust Agreement. (Compl. ¶ 6.)

Pursuant to the CBAs and the Trust Agreement, JanLab agreed to, and in fact did, make benefit contributions to the Fund on behalf of its employees covered by the CBAs. (Compl. ¶ 8.) As of March 31, 2012, however, JanLab ceased making contributions to the Fund. (Compl. ¶ 9.) Then JanLab failed to make payments in response to the Fund's subsequent written demands that JanLab pay withdrawal liability in the amount of $70,721.00 pursuant to ERISA § 4219. (Comp. ¶¶ 10-12.)

Plaintiffs filed this suit against JanLab on September 25, 2013, asking the Court to find JanLab liable for the outstanding withdrawal liability, plus interest, liquidated damages, and attorneys' fees and costs. (Docket # 1.) After JanLab failed to appear, a default was entered against it on June 24, 2014. (Docket # 7-8.) Two weeks later, Plaintiffs moved for the entry of a default judgment against JanLab in the amount of $133,230.85, plus per diem interest from June 8, 2014, until the date of entry of judgment. (Docket # 10.)

On August 29, 2014, Longe filed the instant motion to intervene of right under Rule 24(a)(2), or in the alternative, for permissive intervention under Rule 24(b). (Docket # 13.) Longe explains that it purchased JanLab's assets on September 15, 2012, and its interest in this litigation is "to ensure that RWDSIU will not attempt to hold Longe liable for JanLab's withdrawal liability . . . ." (Mot. to Intervene ¶ 13.)

In that regard, Longe explains that although its attorneys have repeatedly informed

RWDSIU since November 2012 that they represent Longe, not JanLab (Mot. to Intervene ¶ 4, Ex. A), RWDSIU sent JanLab a written demand for payment in December 2012 and addressed it to Longe's attorney (Docket # 10, Ex. D). Then, after receiving notice from RWDSIU of JanLab's default in June 2014 and learning that RWDSIU would not name any additional defendants in this suit, Longe sought assurance from RWDSIU that it was not alleging Longe was liable for JanLab's obligation to pay withdrawal liability; RWDSIU, however, would not provide such assurance. (Mot. to Intervene ¶ 11.) Near that same time, after Longe's own employees elected to decertify from the Fund, RWDSIU failed to respond to Longe's requests to provide it with a written demand of the amount of its withdrawal liability. (Mot. to Intervene ¶ 8.)

### *B. Intervention of Right*

"There are four requirements for intervention of right under [Rule 24(a)], in the absence of a statute giving an absolute right to intervene: (1) timeliness, (2) an interest relating to the subject matter of the main action, (3) at least potential impairment of that interest if the action is resolved without the intervenor, and (4) lack of adequate representation by existing parties." *Reid L. v. Ill. State Bd. of Educ.*, 289 F.3d 1009, 1017 (7th Cir. 2002); *accord Sokaogon Chippewa Cmty. v. Babbitt*, 214 F.3d 941, 945-46 (7th Cir. 2000); *Sec. Ins. Co. of HartFord v. Schipporeit, Inc.*, 69 F.3d 1377, 1380 (7th Cir. 1995); *Reich v. ABC/York-Estes Corp.*, 64 F.3d 316, 321 (7th Cir. 1995). "The burden is on the party seeking to intervene of right to show that all four criteria are met." *Reid*, 289 F.3d at 1017; *Reich*, 64 F.3d at 321 ("The failure to meet any one factor dictates denial of the petition.").

Ultimately, JanLab meets only one of the four criteria required under Rule 24(a)(2), and

3

thus, its motion to intervene of right will be denied.[1]

1. Timeliness

The first requirement, timeliness, "forces interested non-parties to seek to intervene promptly so as not to upset the progress made toward resolving a dispute." *Grochocinski v. Mayer, Brown, Rowe & Maw, LLP*, 719 F.3d 785, 797 (7th Cir. 2013). "The test for timeliness is essentially one of reasonableness: potential intervenors need to be reasonably diligent in learning of a suit that might affect their rights, and upon so learning they need to act reasonably promptly." *Reich*, 64 F.3d at 321. Four factors are considered when determining whether a motion is timely: "(1) the length of time the intervenor knew or should have known of [its] interest in the case; (2) the prejudice caused to the original parties by the delay; (3) the prejudice to the intervenor if the motion is denied; [and] (4) any other unusual circumstances." *Grochocinski*, 719 F.3d at 797 (quoting *Sokaogon Chippewa Cmty.*, 214 F.3d at 949).

Here, Longe knew of JanLab's potential withdrawal liability since at least November 2012, when Longe's attorney received a written demand from RWDSIU addressed to JanLab for payment of the withdrawal liability. (Mot. to Intervene Ex. A.) And Longe likely learned of JanLab's potential withdrawal liability months earlier when performing due diligence before its September 2012 purchase of JanLab's assets.

Nevertheless, Longe waited eleven months after this lawsuit was filed in September 2013 to file its motion to intervene–after a default had been entered against JanLab and a motion for

---

[1] Plaintiffs do not dispute that Longe establishes the fourth factor–that its interests are not adequately represented by the existing parties–because JanLab failed to appear in this action. *See, e.g.*, *Reich*, 64 F.3d at 322 (finding that the fourth factor was satisfied where the defendant had "done as little as possible to defend its own stakes in [the] action" and "even conceded to default").

4

default judgment was pending. Longe cites RWDSIU's refusal to provide requested assurance of nonliability as the reason for the motion, but Longe, as the purchaser of JanLab's assets, knew of its alleged potential exposure for JanLab's withdrawal liability before this lawsuit was ever filed. Granting Longe's motion at this juncture would likely "derail[] a lawsuit within sight of the terminal," resulting in prejudice to RWDSIU. *Sokaogon Chippewa Cmty.*, 214 F.3d at 949 ("As soon as a prospective intervenor knows or has reason to know that his interests might be adversely affected by the outcome of the litigation he must move promptly to intervene.").

    2. <u>Interest Relating to the Subject Matter of the Main Action</u>

As to the second factor, "[t]he 'interest' required by Rule 24(a)(2) has never been defined with particular precision." *Sec. Ins. Co. of HartFord*, 69 F.3d at 1380. "An early attempt by the Supreme Court to define interest in the context of Rule 24(a)(2) tells us only that an 'interest' is a 'significantly protectable interest.'" *Id*. (citation omitted). Later decisions in the Seventh Circuit reveal that the interest of a potential intervenor must be a "direct, significant, legally protectable" one. *Id*. (citation omitted). "It is something more than a mere 'betting' interest, but less than a property right." *Id*. (citations omitted).

Longe describes its interest in this litigation as, oddly enough, its desire to ensure that *it has no interest in it*. That is, it wants "to ensure that RWDSIU will not attempt to hold [it] liable for JanLab's withdrawal liability, interest, per diem interest, liquidated damages and attorney's fees and costs . . . ." (Mot. to Intervene ¶ 13.)

But this dooms Longe's motion to intervene. A party who disclaims legal interest in the subject matter of the litigation–in this case, JanLab's withdrawal liability–cannot intervene as of right. *See, e.g., Meridian Homes Corp. v. Nicholas W. Prassas & Co.*, 683 F.2d 201, 204 (7th

5

Cir. 1982) (finding that potential intervenors in a partnership dispute–who were entitled to a share of the profits, but were non-partners–had only an indirect interest to the extent their rights to profit might be affected, but not a "direct and substantial, and therefore legally protectable, interest" required by Rule 24(a)(2)); *Fed. Ins. Co. v. Ill. Funeral Dir.'s Assoc.*, No. 09 C 1634, 2009 WL 2252200, at *3 (N.D. Ill. July 29, 2009) (finding potential intervenors' concern that they could later be held liable to their customers for defendants' mismanagement of insurance policy proceeds was "speculative and contingent on other unresolved factors," and thus, insufficient for Rule 24(a)(2)). "The interest must be a claim to a legally protected right that is in jeopardy and can be secured by the suit." *Aurora Loan Servs., Inc. v. Craddieth*, 442 F.3d 1018, 1022 (7th Cir. 2006).

Longe was not a party to the original transaction; its interest is not in the contractual agreement between RWDSIU and JanLab that is at the heart of this dispute. Rather, Longe's interest involves its own contractual agreement with JanLab–namely, that Longe not be held liable for JanLab's liabilities as a result of the asset purchase agreement.

3. <u>Potential Impairment of That Interest if the Action Is Resolved Without the Intervenor</u>

As to the third factor, "[t]he existence of 'impairment' depends on whether the decision of a legal question involved in the action would as a practical matter foreclose rights of the proposed intervenors in a subsequent proceeding." *Meridian Homes Corp.*, 683 F.2d at 204. "Potential foreclosure is measured by the general standards of *stare decisis*." *Id.*

If RWDSIU does later attempt to hold Longe liable for JanLab's judgment, it could be argued that Longe is foreclosed from contesting *the specific amount* of JanLab's withdrawal liability and damages. But that, standing alone, falls short of what Rule 24(a)(2) requires, as

6

Longe would not be precluded from forcing the Fund to seek payment from JanLab's remaining assets before turning to Longe; or asserting that under the terms of the asset purchase agreement and relevant law, it has no liability to RWDSIU for the judgment obtained against JanLab. *See, e.g.*, *id.* (holding that while the amount the potential interveners would receive might be affected by the interpretation of the partnership agreement, the intervenors had absolutely no interest in the agreement itself); *cf. Lake Investors Dev. Grp., Inc. v. Egidi Dev. Grp.*, 715 F.2d 1256, 1260 (7th Cir. 1983) (concluding that the potential intervenor had an interest in the real estate contractual dispute because the outcome of the suit would extinguish the intervenor's security interest in the property).

In sum, because Longe has failed to satisfy all four requirements for intervention of right, its motion to intervene under Rule 24(a)(2) will be DENIED.

### C. Permissive Intervention

Longe asserts that even if it is not permitted to intervene of right, permissive intervention should be granted pursuant to Rule 24(b).

"Two requirements must be met before a court may exercise its discretionary power to grant intervention under Rule 24(b)[]." *Sec. Ins. Co. of Hartford*, 69 F.3d at 1381. "The proposed intervenor must demonstrate that there is (1) a common question of law or fact, and (2) independent jurisdiction." *Id.*; *accord Coburn v. DaimlerChrysler Servs. N. Am.*, 218 F.R.D. 607, 609 (N.D. Ill. 2003). In exercising this discretion, "the court shall consider whether the intervention will unduly delay or prejudice the adjudication of the rights of the original parties." *Coburn*, 218 F.R.D. at 609 (quoting Fed. R. Civ. P. 24(b)(2)); *accord Vollmer v. Publishers Clearing House*, 248 F.3d 698, 707 (7th Cir. 2001). "A court should also consider whether

7

denying intervention would prejudice the applicant's rights." *Coburn*, 218 F.R.D. at 609.

Longe fails to carry its burden for permissive intervention. First, it makes no effort to discuss with any particularity the purported common question of law or fact, instead proclaiming that "common questions should be self evident." (Reply Mem. 5.) But the legal and factual inquiry concerning JanLab's withdrawal liability to RWDSIU is not the same inquiry as whether Longe, as a purchaser of assets, could be liable for the amount of the seller's withdrawal liability.

And as discussed earlier, Longe's proposed intervention is untimely, as it knew as early as November 2012 that JanLab had withdrawal liability to the Fund. Now a motion for default judgment is pending, and thus, the resolution of this case is "within sight of the terminal," resulting in prejudice to RWDSIU. *Sokaogon Chippewa Cmty.*, 214 F.3d at 949. Moreover, Longe would not be precluded in a subsequent proceeding from forcing the Fund to seek payment from JanLab's remaining assets before turning to Longe, or asserting that it has no successor liability to RWDSIU for the judgment obtained against JanLab.

Therefore, Longe's motion to intervene "to ensure that RWDSIU will not attempt to hold [it] liable for JanLab's withdrawal liability" is DENIED. (Mot. to Intervene ¶ 13.)

### *D. Conclusion*

For the reasons given above, the Motion to Intervene filed by Longe Enterprises Corporation (Docket # 13) is DENIED.

SO ORDERED. Enter for this 28th day of October 2014.

/S/ Roger B. Cosbey  
Roger B. Cosbey,  
United States Magistrate Judge